UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHRISTOPHER BASINGER,<br><br>Plaintiff,<br><br>vs.<br><br>BAKER MOTOR COMPANY OF CHARLESTON, INC., a South Carolina corporation; BAKER MOTOR COMPANY OF MT. PLEASANT, LLC, a South Carolina corporation; BAKER MOTOR COMPANY OF SUMMERVILLE, LLC, a South Carolina corporation; BAKER MOTOR COMPANY, LLC, a North Carolina corporation; BAKER MOTOR COMPANY, INC, a North Carolina corporation,<br><br>Defendants. | CASE NO. 2:24-cv-00147-DCN<br><br>**COMPLAINT**<br>(JURY TRIAL REQUESTED) |

The Plaintiff above named, complaining of the Defendants herein, would respectfully show unto the Court:

**NATURE OF ACTION**

This is case about wage theft, brought under the South Carolina Payment of Wages Act, North Carolina Wage and Hour Act, and common law breach of contract. The Defendants, who operate car dealerships in South Carolina and North Carolina, willfully underpaid commissions to its sales employees for a period of over two years. Specifically, unbeknownst to its sales employees, Defendants changed the amount of the lot fee deduction from what was stated in the written terms of employment, resulting in lower

3

commissions on every sale. Defendants did not give notice about this change in writing or by any other means. This is a breach of the contract and a violation of the South Carolina and North Carolina wage statutes that amounts to hundreds of thousands of dollars in wage theft.

## JURISDICTION AND PARTIES

1. Baker Motor Company of Charleston, Inc. (BMC Charleston) is a South Carolina Corporation with its principal place of business in South Carolina.

2. BMC Charleston is believed to be the parent company that owns all of the other named defendants/entities.

3. The Defendants are believed to be functionally one integrated entity with BMC Charleston.

4. Baker Motor Company of Mt. Pleasant, LLC is a South Carolina Limited Liability Company with its principal place of business in South Carolina.

5. Baker Motor Company of Mt. Pleasant is a subsidiary of BMC Charleston.

6. Baker Motor Company of Mt. Pleasant is functionally an integrated entity with BMC Charleston.

7. Baker Motor Company of Summerville, LLC is a South Carolina Limited Liability Company with its principal place of business in South Carolina.

8. Baker Motor Company of Summerville is a subsidiary of BMC Charleston

9. Baker Motor Company of Summerville is functionally an integrated entity with BMC Charleston.

10. Baker Motor Company, LLC is a North Carolina Limited Liability Company with its

primary place of business in North Carolina.

11. Baker Motor Company, LLC is a subsidiary of BMC Charleston.

12. Baker Motor Company, LLC is functionally an integrated entity with BMC Charleston.

13. Baker Motor Company, Incorporated is a North Carolina Limited Liability Company with its primary place of business in North Carolina.

14. Baker Motor Company, Incorporated is a subsidiary of BMC Charleston.

15. Baker Motor Company, Incorporated is functionally an integrated entity with BMC Charleston.

16. The Plaintiff, Chris Basinger, at all times relevant, has been a resident of Richland County South Carolina.

17. This action involves an amount in controversy that exceeds $75,000.

18. This action addresses parties that are citizens of South Carolina and parties that are citizens of North Carolina.

19. This action satisfies the requirements of 28 U.S. Code § 1332.

20. All parties and subject matters herein are within the jurisdiction of this Honorable Court.

## FACTS

21. Plaintiff brings this action, on behalf of himself and others similarly situated, to recover unpaid commissions as a Rule 23 Class Action against the Defendants.

22. Plaintiff further brings this action in his individual capacity

23. The Plaintiff and all others similarly situated are employees of the Defendants.

24. BMC Charleston hired the Plaintiff, Christopher Basinger, in September 2019 a member of the sales team.

25. His title was "Sales Person"

26. At all relevant times, Mr. Basinger was an employee of BMC Charleston with the meaning of the South Carlina Payment of Wages Act.

27. When BMC of Charleston hired Mr. Basinger, it gave him given written terms of employment. [Exhibit A.]

28. This document was entitled, "Baker Motor Company of Charleston, Inc. Wage Agreement Sales Department—Salesman."

29. Among other things, the "Wage Agreement" set forth how Mr. Basinger's pay commissions would be calculated.

30. The Wage Agreement had a signature block for the employee to sign indicating his assent to the agreement.

31. By signing the Wage Agreement, BMC Charleston entered into an enforceable contract with Mr. Basinger.

32. In addition, the Wage Agreement functioned as the written terms of employment as required by the South Carolina Payment of Wages Act.

33. BMC Charleston assigned Mr. Basinger to work at the Mr. Pleasant branch of the dealership.

34. The top of the wage agreement reads "BAKER MOTOR COMPANY OF CHARLESTON, INC."

35. On information and belief, BMC Charleston gave this same Wage Agreement to all sales employees at the start of their employment.

36. The wage agreement describes the commission model under a section titled "Commission Formula," which reads "Commission is calculated on the profit in excess of the factory invoice after deducting for lot fee, transportation fees, dealer added items, dealer pack, and over allowance on trade-ins, and repairs (including after sale repairs, which may result in deductions from future commissions)."

37. The lot fee rates are listed on the same page as the commission formula.

38. The lot fee is deducted from the excess profit of a sale, and thus, from the commission for the sales employee.

39. As a result, a higher lot fee means a lower commission for the sales employee.

40. The lot fee is set by the dealership.

41. The original wage agreement lists the lot fees as $650 for new vehicles and $1,500 for preowned vehicles.

42. BMC Charleston had Mr. Basinger sign this agreement in September of 2019 when he began employment.

43. In or about March of 2022, BMC Charleston changed its lot fees, increasing them by $115.

44. BMC Charleston did not give Mr. Basinger or any of its other sales employees any notice whatsoever that the lot fees had changed from what was listed in the 2019 wage agreement.

45. As a result of this change, Defendants were now paying underpaying Mr. Basinger and all its other sales employees $115 in commission for each sale.

46. Sales employees are not given a breakdown of how each commission is calculated.

47. For this reason, the sales employees were not able to detect this change in their

commissions.

48. Mr. Basinger was selling approximately ten cars per week for the dealership.

49. In May 2023, BMC Charleston gave Mr. Basinger a new wage agreement to sign.

50. This 2023 wage agreement also started with the header "BAKER MOTOR COMPANY OF CHARLESTON, INC."

51. The 2023 wage agreement listed the same commission formula as the 2019 wage agreement.

52. The 2023 wage agreement did not list the lot fees.

53. The 2019 wage agreement did list the lot fees.

54. The lot fees were not made available anywhere for sales employees to review.

55. BMC Charleston did not inform any of the sales employees that the lot fee was changed.

### All dealerships and entities are integrated with BMC Charleston

56. BMC Charleston employed Mr. Basinger at the Mt. Pleasant branch of the dealership.

57. BMC Charleston has multiple dealerships throughout South Carolina and North Carolina.

58. While some of the different dealerships exist as separate legal entities, BMC Charleston functionally carries out business as one integrated entity.

59. BMC Charleston owner and president, Tommy Baker, has ultimate decision-making power over all of the car dealerships, and exercises this authority as if Defendants were an integrated entity.

60. BMC Charleston owner and president, Tommy Baker, has the power to hire and fire employees at any of the Defendants' locations, and exercises this authority as if Defendants were an integrated entity.

61. BMC Charleston owner and president, Tommy Baker treats the dealership his company BMC Charleston owns an integrated entity.

62. All sales employees at all of Defendants' car dealerships were underpaid commissions because of the undisclosed change to the lot fees to include:

    a. Mercedes Benz of Charleston located at 1511 Savannah Highway, Charleston, SC.

    b. Baker Infinite Charleston located at 1513 Savannah Highway, Charleston, SC.

    c. Jaguar West Ashley located at 1511 Savannah Highway, Charleston, SC.

    d. Land Rover West Ashley located at 1511 Savannah Highway, Charleston, SC.

    e. Maserati of Charleston located at 1501 Savannah Highway, Charleston, SC.

    f. Alfa Romeo of Charleston located at 1501 Savannah Highway, Charleston, SC.

    g. Pre-owned Center at Baker located at 1521 Savannah Highway, Charleston, SC.

    h. Baker Cadillac of Charleston located at 1621 Savannah Highway, Charleston, SC 29407.

    i. Baker Buick located at 1621 Savannah Highway, Charleston, SC 29407.

j. Baker GMC, located at 1621 Savannah Highway, Charleston, SC 29407.

k. Mercedes Benz of Mt. Pleasant located at 2121 Highway 17 North, Mount Pleasant, SC.

l. Baker Collection Mt. Pleasant located at 2121 Highway 17 North, Mount Pleasant, SC.

m. Mercedes Benz Van Center 425 Sigma Drive, Summerville, SC.

n. Baker Collection of Summerville located at 425 Sigma Drive, Summerville, SC.

o. BMW of Wilmington located at 4900 New Centre Dr, Wilmington, NC.

p. Porsche of Wilmington located at 4920 New Centre Dr, Wilmington, NC.

q. Baker Collection of Wilmington located at 4920 New Centre Dr, Wilmington, NC.

**All putative class members who worked at Defendants South Carolina and North Carolina entities are similarly situated factually and legally.**

63. All dealerships owned and operated by BMC Charleston in both South Carolina and North Carolina made the same wage agreement as the Plaintiff with all its sales employees.

64. All BMC Charleston dealerships in both South Carolina and North Carolina executed the wage agreement with all sales employees at the time of hire.

65. The sales employees at all BMC Charleston dealerships in both South Carolina and North Carolina received compensation that included commissions.

66. All BMC Charleston dealerships in both South Carolina and North Carolina changed

the lot fees without notice, resulting in decreased commissions for sales employees.

67. The statutory scheme set forth in the South Carolina Payment of Wages Act §41-10 and the North Carolina Wage and Hour Act §95-25 are generally homogenous, the only substantive difference being the calculation of damages.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the South Carolina Payment and Wages Act §41-10**

68. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

69. The Baker Motor Company of Charleston, Inc. and the other South Carolina Defendants are all subject to the South Carolina Payment of Wages Act.

70. Commissions are a form of wages under the SC Payment of Wages Act.

71. The Defendants employed the Plaintiff.

72. The Defendants employed sales employees similarly situated to the Plaintiff.

73. The Defendants executed a contract with all sales employees indicated how commissions would be calculated.

74. The Defendants executed a contract with all sales employees indicating what dollar amount in lot fees would be used in commissions calculations.

75. In or about March of 2022, Defendants began paying sales employees decreased commissions by way of increasing the lot fees.

76. Defendants have yet to deliver these sales employees the unpaid commission value.

77. As a result of the Defendant's knowing and willfully unlawful actions, the Plaintiff has suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

11

## FOR A SECOND CAUSE OF ACTION
### Violation of North Carolina Wage and Hour Act §95-25

78. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

79. The North Carolina Defendants, and through them Baker Motor Company of Charleston, Inc. are all subject to North Carolina §95-25.

80. Commissions are a form of wages under NC §95-25.

81. The Defendants employed the Plaintiff.

82. The Defendants employed sales employees similarly situated to the Plaintiff.

83. The Defendants executed a contract with all sales employees indicated how commissions would be calculated.

84. The Defendants executed a contract with all sales employees indicating what dollar amount in lot fees would be used in commissions calculations.

85. In or about March of 2022, Defendants began paying sales employees decreased commissions by way of increasing the lot fees.

86. Defendants have yet to deliver these sales employees the unpaid commission value.

87. As a result of the Defendant's knowing and willfully unlawful actions, the Plaintiffs have suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).


## FOR A THIRD CAUSE OF ACTION
### Breach of Contract

88. The Plaintiff realleges all foregoing paragraphs as if restated herein verbatim.

89. Plaintiff brings collective action on behalf of himself and all other employees similarly situated.

90. The Defendants, buy and through their agents, entered into a valid contract with the Plaintiffs.

91. The Defendants failed to perform their contractual obligations as indicated in the sales employee wage agreement.

92. The Defendants engaged in this breach in both South Carolina and North Carolina.

93. As a result, the Plaintiffs have suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for all injuries and damages, punitive damages, liquidated damages, treble damages (SC), double damages (NC), pre- and post- judgment interest, fees and costs and equitable remedies set forth in this complaint and/or allowed, provided for, or permitted by the common law or statutory law in such an amount as shall be determined by the finder of fact under the evidence presented at trial, and for further relief as the Court may deem just and proper.

Respectfully submitted,

| | |
|---|---|
| s/ David A. Nauheim | s/ Joshua Mangan |
| DAVID A. NAUHEIM | JOSHUA MANGAN |
| SC Bar Number 102083 | SC Bar Number 104786 |
| NAUHEIM LAW OFFICE, LLC | NAUHEIM LAW OFFICE, LLC |
| 101 Sycamore Ave. | 101 Sycamore Ave. |
| Charleston, SC 29407 | Charleston, SC 29407 |
| Tel: 843 534-5084 | Tel: 842 352-3519 |
| Fax: 843 350-3572 | Fax: 843 350-3572 |
| david@nauheimlaw.com | josh@nauheimlaw.com |

January 8, 2024